UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FITNESS QUEST, INC., | ) | CASE NO. 5:08CV2574 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| INXSTOUS, et al., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) ) ) ) | [Resolving Doc. 8] |

This matter comes before the Court on a Motion to Dismiss (Doc. 8) filed by Defendants Inxstous and Joyce Pace (collectively "Pace"). Plaintiff has filed its Opposition to the Motion (Doc. 14), and Pace has replied (Doc. 15). The Court has been advised, having considered the pleadings, the motion, the opposition, the reply, and applicable law. For the reasons that follow, the Motion is GRANTED. The complaint is hereby DISMISSED WITHOUT PREJUDICE.

I.   STATEMENT OF FACTS

Plaintiff, Fitness Quest, Inc., filed suit against Pace, Inxstous, Planetoverstock1, and John LaRocca on October 30, 2008. The claims against the latter two defendants have been resolved, therefore only the claims against the Pace defendants remain.

In its complaint and amended complaint, Plaintiff contends that Pace infringed upon certain copyrights by selling products on Ebay using artwork that was subject to Plaintiff's copyright. On December 30, 2008, Pace moved to dismiss the complaint, asserting that the Court lacked personal jurisdiction over her. Pace also asserted that Inxstous was not a legal entity, but merely the user name she used to sell products on Ebay. Plaintiff responded in opposition to the motion and Pace replied. The Court now reviews the pending motion.

## II.      LEGAL STANDARD

As Congress has not provided for the nationwide service of process in the statute under which Plaintiff has brought suit, this Court applies Ohio law in determining whether it may exercise jurisdiction over Pace.  *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1167 (6th Cir. 1988).  The Court must engage in a two-step analysis to determine personal jurisdiction under Ohio law.  The Court must determine: "(1) ... whether [Ohio's] 'long-arm' statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution."  *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 638 N.E.2d 541, 543 (1994) (quoting *U.S. Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods, Inc.*, 68 Ohio St.3d 181, 624 N.E.2d 1048, 1051 (1994)).  The Court must engage in both steps because Ohio's long-arm statute does not extend jurisdiction fully to the limits of due process.  *Goldstein*, 638 N.E.2d at 545, n.1.  Accordingly, to establish that jurisdiction is proper, both prongs of the analysis must be satisfied.  *Id.*

Plaintiff bears the burden of establishing jurisdiction.  *American Greetings Corp.*, 839 F.2d at 1168.  However, when a court rules solely based upon the pleadings, the plaintiff need make only a prima facie showing of personal jurisdiction to survive a motion to dismiss.  *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998); *CompuServe, Inc., v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  Accordingly, when ruling without holding an evidentiary hearing, this Court must view the jurisdictional evidence in the light most favorable to the plaintiff.  *See Goldstein*, 638 N.E.2d at 544.  Despite this fact, a plaintiff may not rely solely on the pleadings in the case; rather, it must show, by affidavit or other documentary evidence,

2

specific facts establishing personal jurisdiction. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

Plaintiff contends that Pace is amenable to service under one section of Ohio's long-arm statute, Revised Code Section 2307.382(A)(6). Section 2307.382(A)(6) provides as follows:

> (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
>
> …
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state[.]

Accordingly, the Court limits its analysis to the subsection relied upon by Plaintiff.

### III.   ANALYSIS

  1) Ohio Long-Arm Statute

With respect to Ohio's long-arm statute, the Court is persuaded by the rationale stated recently by a colleague on this Court in *J4 Promotions, Inc. v. Splash Dogs, LLC*, Case No. 2:08CV977, 2009 WL 385611 (N.D.Ohio Feb. 13, 2009).

> The Sixth Circuit has held that "because a plaintiff whose trademark has been violated potentially suffers economic harm as a result of the defendant's actions, the injury occurs both in the places where the plaintiff does business and in the state where its primary office is located." *Bird*, 289 F.3d at 876; see *also, Cash Homebuyers, Inc. v. Morningstar, Inc.*, No. 5:05 CV 2296, 2006 WL 2869564, *1,*4 (N.D.Ohio Oct. 5, 2006) (holding that plaintiff alleging copyright infringement established personal jurisdiction under O.R.C. § 2307.382(A)(6) when the plaintiff alleged that the defendant used, downloaded, and distributed plaintiff's copyrighted materials); *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir.1998) (finding that the "brunt" of the harm suffered by plaintiff due to copyright infringement occurred at plaintiff's principal place of business).

*Id.* at *8 (footnote omitted). Utilizing the same reasoning, the Court finds that Ohio's long-arm statute confers personal jurisdiction over Pace. The harm to Plaintiff occurred primarily in Ohio, satisfying Revised Code Section 2307.382(A)(6).

2) <u>Due Process</u>

Following a determination that Ohio's long-arm statute confers personal jurisdiction, "[t]he Court must determine whether the exercise of [personal] jurisdiction comports with constitutional due process." *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007). Under Ohio law, a defendant may be subject to either general or specific jurisdiction. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1996). While "Plaintiff is not willing to concede that that there is no general jurisdiction over" Pace, it has offered no argument in support of that claim. Doc. 14 at 6. Accordingly, the Court limits its review to the standards applicable to specific jurisdiction.

This Court uses a three-prong test to analyze whether due process will be satisfied by the exercise of specific jurisdiction over a defendant.

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of personal jurisdiction over the defendants reasonable.

*Scotts Co. v. Aventis S.A.*, 145 Fed. Appx. 109, 113 (6th Cir. 2005) (citing *Southern Machine v. Mohasco Industries*, 401 F.2d 374, 381 (6th Cir. 1968)).

Plaintiff relies heavily upon the "effects test" to establish personal jurisdiction over Pace. *See Calder v. Jones*, 465 U.S. 783 (1984). In *Calder*, the plaintiff sued two Florida-based writers based upon an article that they authored for the National Enquirer magazine. The Supreme Court found that the writers were amenable to jurisdiction in California because "California [was] the focal point both of the story and the harm suffered." *Id*. at 789. The Court noted that the article detailed the California activities of an "entertainer whose television career centered in California." *Id.* at 788. The Court also indicated that roughly 12 percent of the copies of the

4

magazine were sold in California.  *Id.* at 785.  Accordingly, the *Calder* Court held that the defendants could "reasonably anticipate being haled into court" in California.  *Id.* at 790.

"To satisfy the *Calder* test, the defendant must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state."  *Boyds Coffee Co. v. Cowboy Boyd's, LLC*, 2008 WL 4461846, at *3 (D.Or. Sept. 30, 2008) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006).  Furthermore, the Sixth Circuit has

> applied *Calder* narrowly by evaluating whether a defendant's contacts with the forum may be enhanced if the defendant expressly aimed its tortious conduct at the forum and plaintiff's forum state was the focus of the activities of the defendant out of which the suit arises.  *See, e.g., Reynolds*, 23 F.3d at 1110; *Koch v. Local 438, United Autoworkers Union*, 54 Fed.Appx. 807, No. 00-6200, 2002 WL 31873481, at *3-5 (6th Cir. Feb. 12, 2002); *see also Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1079-80 (10th Cir. 1995) (stating that *Calder* did not set forth a per se rule that the allegation of an intentional business tort alone is sufficient to confer personal jurisdiction in the forum where the plaintiff resides, and analyzing instead the terms of the contract, the parties' course of dealing, and the contacts created by the out-of-state-defendant in committing the alleged tort); *Southmark Corp. v. Life Investors Inc.*, 851 F.2d 763, 772-73 (5th Cir. 1988) (stating that contractual relations of a company in the forum state was not necessarily equivalent to "expressly aiming" tortious conduct at the forum, and thus, would not meet due process requirements); *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 264 (3d Cir. 1998) (determining that *Calder* was not satisfied simply because the injury occurred in the forum state and refusing to conclude that the defendant expressly aimed its tortious activity at the forum state since the defendant did not know that a corporation of the forum state could be the victim of its conduct).

*Scotts Co.*, 145 Fed. Appx. at 113, n.1.  "Although the 'effects test' has been limited, the existence of intentional tortious conduct nonetheless 'enhances' a party's other contacts with the forum state for purposes of a purposeful availment analysis."  *Air Prods.*, 503 F.3d at 552-53.

Like the plaintiff in *IMO Indus.*, Plaintiff "relies solely on the geographical locus of the harm caused; in doing so, it fails to pay necessary attention to the defendant's knowledge and

intent in committing the tortious activity." *IMO Indus.*, 155 F.3d at 264. In that respect, the Sixth Circuit has approvingly quoted *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1079 (10th Cir. 1995): "Our review of these post-*Calder* decisions indicates that the mere allegation that an out-of-state defendant has tortiously interfered with contractual rights or has committed other business torts that have allegedly injured a forum resident does not necessarily establish that the defendant possesses the constitutionally required minimum contacts." *Air Prods.*, 503 F.3d at 552.

In the instant matter, Pace's declaration makes clear that she has no specific dealings with the state of Ohio. For seven years, Pace has purchased merchandise from businesses and re-sold that merchandise on E-bay. From her user name, Inxstous (presumably, "In excess, to us"), it appears that Pace purchases overstocked items and resells them directly to consumers. Pace does not direct any of her activities to Ohio, nor has she purchased any of Plaintiff's products from any entity in Ohio. Approximately 3% of Pace's total shipments for the last two years were shipped to Ohio.

Because the Court ruled on this motion absent an evidentiary hearing, the Court accepts that Plaintiff's allegations of intentional wrongdoing satisfy the first prong of the *Calder* test. Plaintiff, however, has offered no evidence that Pace's activities were "expressly aimed" at Ohio, nor has Plaintiff offered any evidence that Pace knew that the harm she caused would be felt in Ohio. With respect to these latter two prongs of the effects test, the Court finds the following instructive:

> Plaintiff's jurisdictional allegations against Greyhound amount to an argument that actions by Greyhound occurring in Michigan caused damage to Plaintiff in Ohio. This is the only connection between Greyhound and Ohio, and it is hardly substantial. Nothing in the complaint, or in Plaintiff's responsive pleadings, provides a basis for concluding that Greyhound reasonably should have anticipated being haled into court in Ohio. Plaintiff fails even to allege facts

6

> suggesting knowledge by Greyhound of Plaintiff's Ohio residency.  Instead, Plaintiff makes the conclusory allegation that Greyhound had to know that any injury it caused would be felt in Ohio.

*Delta Media Group, Inc. v. Kee Group, Inc.*, Case No. 5:07CV1597, 2007 WL 3232432, at *3 (N.D.Ohio Oct. 31, 2007).  Plaintiff's argument herein suffers from the same flaws.

> In its opposition to Pace's motion to dismiss, Plaintiff stated as follows:
>
> As her affidavit makes clear, Defendant "regularly" purchases Plaintiff's products and she is familiar enough with Plaintiff's business operations to know whether or not she is purchasing from Plaintiff directly or from one of its authorized distributors. *Id.* (finding jurisdiction under *Calder* where the defendant knew that the plaintiff's principal place of business was in California); *see also Amni Innovation Corp. v. JS Imports, Inc.*, 497 F.Supp.2d 1093, 1106 (C.D. Cal. 2007) (finding specific jurisdiction where the defendant knew that the owner of the copyright was located in California).  She also likely has researched Plaintiff's products online and visited Plaintiff's website for information on how it prices its products.  Furthermore, a mere Google search or visit to Plaintiff's website reveals that it is located in Ohio.

Doc. 14 at 9.  Plaintiff's argument focuses on unsupported speculation.  There are no allegations in the pleadings, nor any assertions from Pace, that indicate that Pace had any knowledge that Plaintiff was an Ohio corporation or aimed her conduct at Ohio.  Rather, the record reflects that Pace has never purchased any Fitness Quest items from any entity in Ohio.  Accordingly, viewing the evidence in a light most favorable to Plaintiff, the Court cannot find that the effects test has been satisfied.

Furthermore, the cases relied upon by Plaintiff do not support a finding of jurisdiction in this matter.  In *Panavision Int'l*, *L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998), the defendant "engaged in a scheme to register Panavision's trademarks as his domain names for the purpose of extorting money from Panavision. His conduct, as he knew it likely would, had the effect of injuring Panavision in California where Panavision has its principal place of business and where the movie and television industry is centered." *Id.* at 1322.  Accordingly, the plaintiff was able

7

to demonstrate that the defendant had knowledge that harm would occur in California.  In *Amni Innovation Corp v. JS Imports, Inc.*, 497 F.Supp.2d 1093 (C.D. Cal. 2007), the Court discussed prior precedent on the same issue, noting as follows:

> Following *Columbia Pictures* and *Panavision*, numerous courts within the Ninth Circuit have found specific jurisdiction in cases where a plaintiff brings suit in its home forum against an out-of-state defendant, alleging that the defendant engaged in infringing activities knowing that plaintiff was located in the forum.  See, e.g.*, Nissan Motor Co. v. Nissan Computer Co.*, 246 F.3d 675, 2000 WL 1875821, *1 (9th Cir. Dec. 26, 2000) (Unpub. Disp.) ("Here, Nissan North America, a California resident, alleges that NCC intentionally infringed upon its trademark and that such harm was suffered primarily in its home forum.  NCC claims there was no evidence it knew that Nissan North America was a California resident.  But NCC admits that it received a certified letter from Nissan North America, which contained its California address, several years before it began advertising auto products on its webpage.  And NCC does not purport to have relied on a belief that Nissan North America was a resident of a different forum.  Accordingly, the district court correctly concluded that NCC expressly aimed its allegedly infringing activities at California"); *MCA Records v. Charly Records Ltd.*, 108 F.3d 338, 1997 WL 76173, *8 (9th Cir. Feb. 21, 1997) (Unpub. Disp.) ("So long as Holdings and International were aware of MCA's rights in the Chess Masters and trademarks, knew that MCA was a California corporation, and knew that their licensing of the Masters and trademarks would result in infringing products being distributed in the United States, a finding of purposeful availment is appropriate under *Calder*"); *IO Group, Inc. v. Pivotal*, No. C 03-5286 MHP, 2004 U.S. Dist. LEXIS 6673, 2004 WL 838164, *6 (N.D.Cal. Apr. 19, 2004) (concluding, in a copyright infringement case, that plaintiff "has adequately demonstrated that defendants published images belonging to a California company, affecting an industry primarily centered in California, knowing that harm would likely be felt in that state"); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F.Supp.2d 1073, 1090 (C.D.Cal. 2003) ("Plaintiffs have alleged that Sharman intentionally and materially contributed to the infringement of Plaintiffs' works, and that it did so with full knowledge that much of the harm from this infringement would be suffered in California.  This is sufficient to establish a prima facie case of purposeful availment under the effects test of *Panavision*").

*Id.* at 1106.  Unlike the cases cited above, there is nothing in the record to suggest that Pace knew that Plaintiff was located in Ohio.  Pace has no prior history or business relationship with Plaintiff, nor is there anything to suggest the Fitness Quest is so well known that any business person would know that it was based in Ohio.  Instead, the evidence indicates that Pace was

8

always at least one step removed from Fitness Quest in the chain of sale, never having direct contact with the manufacturer of the items she sells. Accordingly, even viewing the evidence in a light most favorable to Plaintiff does not lead to the conclusion that Pace aimed her conduct at Ohio.

Plaintiff's argument that jurisdiction is appropriate because its location is readily available on the internet would serve to effectively eliminate the minimum contacts requirement of the due process analysis. Under Plaintiff's theory, anyone selling a Fitness Quest product would be subject to suit in Ohio. The Court cannot accept this argument.

Finally, the Court notes that Plaintiff's allegations of willful infringement serve to enhance the contacts that Pace had with Ohio (i.e., the roughly 3% of her shipments for the prior year that were sent to Ohio). Even with this enhancement, however, Pace's contacts are not sufficient for jurisdiction to be exercised over her and at the same time satisfy due process.

## IV. CONCLUSION

Based upon the above, Pace's motion to dismiss is GRANTED. The complaint is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.


Date:   March 17, 2009                  */s/ John R. Adams*
                                        Judge John R. Adams
                                        UNITED STATES DISTRICT COURT